### WILLIAM MAYFIELD v. R. J. BARBOUR.

[Abstract Kentucky Law Reporter, Vol. 3—397.]

**Partnership Creditors.**

The creditors of a partnership have no lien on partnership assets except through a partner, and the denial of the right of one partner to appropriate partnership assets to his own use is for the protection of the copartners and not of the creditors; therefore, where each member of the firm consents to the appropriation, it is as binding as if applied to a partnership debt.

APPEAL FROM LEWIS CIRCUIT COURT.

November 22, 1881.

OPINION BY JUDGE PRYOR:

It is plain that the court below erred in adjudging that the firm could not consent through each individual member to the disposition of a part of its assets, for the benefit alone of one of its members by paying his individual debts. The creditors of a partnership have no lien on the firm assets except through the partner, and the denial of the right of one partner to appropriate partnership assets to his individual use is for the protection of the copartners, and not for firm creditors, and therefore where each individual member of the firm consents to the appropriation, it is as binding as if applied to a partnership debt. In this case the proof, except that of Barbour, is conclusive of the fact that the latter consented to a transfer of the notes, and the right and title passed to the assignee, and if not, assigned to the holder to whom they were delivered in payment of the debt. *Jones v. Lusk,* 2 Met. (Ky.) 356.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*G. T. Halbert, for appellant.*

*J. R. Garland, for appellee.*

[Cited, *Merkley v. Grand Switch Roller Mills Co., Assignee,* 28 Ky. L. 1010, 90 S. W. 1059.]